IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-77,052-01






EX PARTE ANGELIA GAIL REINHART, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 17,652 IN THE 196TH JUDICIAL DISTRICT COURT


FROM HUNT COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant originally pleaded no contest to
aggravated assault in exchange for four years' deferred adjudication community supervision. Her
guilt was later adjudicated and she was sentenced to ten years' imprisonment. The Sixth Court of
Appeals dismissed her appeal for want of jurisdiction. Reinhart v. State, No. 06-10-00216-CR (Tex.
App. - Texarkana, December 3, 2010). 

 Applicant contends that her plea was involuntary because she agreed to plead in exchange
for a six-year sentence, but when the trial court declined to follow the agreement, she was not given
the opportunity to withdraw her plea. The State responds that because Applicant is referring to a
plea at revocation, the trial court is not bound by a sentencing agreement between the parties and
Applicant was not entitled to withdraw her plea of "true." The Court of Appeals, in dismissing
Applicant's appeal for want of jurisdiction, noted that the judgment affirmatively indicated the
existence of a bargained-for agreement between the State and Applicant, and that the trial court's
certification of right of appeal stated that Applicant waived her right to appeal.

 The habeas record is incomplete, and contains contradictory information. The trial docket
indicates that Applicant's guilt was adjudicated and that she was sentenced to ten years, probated,
on December 8, 1997. However, the docket indicates that her deferred adjudication community
supervision was extended by six years on the next day, December 9, 1997. There is nothing in the
habeas record to show why Applicant was still under any form of community supervision at the time
of her ultimate plea of "true" and adjudication of guilt on September 20, 2010. In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court
may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the
trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall supplement the habeas record with copies of any written plea
documents and admonishments from Applicant's original plea, and from any subsequent revocation
or adjudication proceedings. The trial court shall make findings as to whether, at the original plea,
Applicant was admonished as to the fact that if her guilt were later adjudicated, the entire range of
punishment would be available to the adjudicating court. The trial court shall make findings as to
whether Applicant's period of community supervision was extended after her initial plea, and as to
whether her guilt was adjudicated prior to the final adjudication of guilt on September 20, 2010. 
The trial court shall supplement the record with all documents pertaining to modification or
amendment of the conditions of Applicant's community supervision, and with any documents
showing that Applicant's period of community supervision was extended. The trial court shall make
findings as to when the State filed any motions to revoke or proceed to adjudication, and shall
supplement the record with copies of any such motions. The trial court shall make findings as to
whether any such motions were filed before the date upon which Applicant should have discharged
her sentence on community supervision. The trial court shall make findings of fact and conclusions
of law in regard to Applicant's claim that her plea was involuntary. The trial court shall also make
any other findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: February 8, 2012

Do not publish